In re Assigned Estate of McDaniel & Harvey Company. Appeal of Emanuel Dreifus, Charles Dreifus and L. E. Block, trading as Dreifus, Block & Co.

*Foreign attachment—Assignment for creditors—Funds in hands of assignee.*

As an assignee for the benefit of creditors cannot be made a garnishee in a foreign attachment, service of the writ upon the assignor, as garnishee, after the assignment, will not bind the funds in the hands of the assignee.

Argued Jan. 11, 1897. Appeal, No. 397, Jan. T., 1896, by Dreifus, Block & Co., from order of C. P. No. 3, Phila. Co., Dec. T., 1894, No. 989, dismissing exception to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

The case was referred to Geo. De B. Myers, Esq., as auditor, who reported as follows :

The facts of this case are as follows :

The McCullough Iron Co., a corporation of the state of Delaware, was indebted to Dreifus, Block & Co., of the state of Pennsylvania, in the sum of $2,891.67. On February 13, 1895, the said McCullough Iron Co. went into the hands of receivers by order of the United States circuit court for the district of Delaware. At this time, and for a long time previous, the McDaniel & Harvey Co. had owed the McCullough Co. a large sum of money, amounting, at the date of the receivership, to $45,046.48. The McDaniel & Harvey Co. made an assignment for the benefit of its creditors on February 13, 1895, which assignment was duly recorded the same day.

On February 14, 1895, Dreifus, Block & Co., issued a foreign attachment from this honorable court against the McCullough Iron Co., as defendants, and the McDaniel & Harvey Co., as garnishees. This writ was served on M. E. Walker, the secretary of the McDaniel & Harvey Co., on February 14, 1895, one day after the assignment of the McDaniel & Harvey Co. for the benefit of creditors, and one day after receivers had been appointed for the McCullough Iron Co. in Delaware.

Judgment for $2,931.19 was obtained under this writ against the McCullough Iron Co. on April 24, 1895, and this claim was presented before the auditor for so much of the amount due the McCullough Iron Co. as would satisfy this judgment. This claim was contested on the ground that the attachment was too late—that the McDaniel & Harvey Co. having assigned for the benefit of its creditors, the assignees were bound to carry out the deed of assignment and pay those creditors—not a creditor of a creditor—that, as a receiver had been appointed for the McCullough Iron Co., in Delaware, before the issuing of the attachment, the creditor of the McCullough Iron Co. must look to that receiver for the payment of his claim. . . .

As has been said, the writ of attachment was served on the secretary of the McDaniel & Harvey Co., the assignees of same not having been made parties to the suit. The claimants contend that it is against the law to garnish assignees, and that service on the assignors was sufficient to bind the fund. Although assignees are frequently made garnishees in this city, and often both the assignors and assignees are served, it seems to be against the policy of the law to bind the fund in the hands of an assignee by attachment.

In the American and English Encyclopedia of Law, vol. 8, p. 1137, title "Garnishment" it is said: "An official whose duties are prescribed and regulated by law cannot be garnisheed in respect to property held by him in his official capacity, unless expressly authorized by statute. His possession in such case is merely as the agent of the law, and to interfere with his possession is to interfere with the jurisdiction of the court whose officer he is.

"Receivers, assignees under a general bankrupt law and under the insolvent laws of the different states, and trustees appointed by the court, are likewise within the doctrine above stated. So assignees in bankruptcy cannot be garnisheed in respect to claims upon the funds in their hands. And this is so even after a dividend has been declared, and the assignee has been ordered to pay a specific sum to the principal defendant. Likewise assignees, under the state insolvent laws are not chargeable, nor are assignees under voluntary assignments for the benefit of creditors." In Colby v. Coates, 6 Cushing (Mass.), 558, it was decided that an assignee, under the insolvent laws

of that commonwealth, could not be charged by the trustee process (foreign attachment) as the trustee of a creditor of the insolvent, for money in his hands as such assignee. Among other things the court said: "Dividends, due to a creditor, from the assignees of a bankrupt, are not attachable under the law of foreign attachment by the custom of London." See Ashley on Attachment (2d ed. 29). In Dewing v. Wentworth, 11 Cushing, 499, it was held that, "money in the hands of an assignee, under the insolvent laws of this commonwealth, cannot be attached upon writ of foreign attachment, as the goods, effects, or credits of a creditor of the insolvent debtor."

The claimants argue from these decisions that their service of the attachment on the firm, although made after the assignment for the benefit of creditors, would bind the fund, because it is against the policy of the law to garnish assignees. The auditor cannot agree with them. The assignees are trustees for the benefit of the creditors. "The effect of a valid assignment is to vest the assigned estate in the assignee, so as to put it out of the reach of creditors not secured by liens, and even of the assignor himself:" 1 Am. & Eng. Ency. of Law, 871, title, Assignments. It is said in Sergeant on Foreign Attachment (page 91), "Money held by a person as assignee under a commission of bankruptcy (which is an assignment in law), cannot be attached for a debt due by the bankrupt, it not being the property of the bankrupt, but the assignee holding it in trust for the creditors in general." And in Sharpless v. Welsh, 4 Dall. 279, it is decided that an assignee for creditors becomes a trustee for those creditors; and that the creditors thereupon acquire such an interest as cannot be divested or affected by an attachment: Haust et al. v. Burgess et al. & Hughes, 560.

It would be inconsistent for the law to exempt assignees from the service of attachments, and yet allow the fund to be reached by garnishing the assignors. It has been decided that "where the law exempts the person in possession from garnishment, the debt cannot be reached, although the defendant might sue for it:" 8 Am. & Eng. Ency. of Law, 1156; City of Baltimore v. Root, 8 Md. 107.

The claimants in this case entered a rule for judgment against the garnishees on the answers filed, but your honorable court dismissed the rule. The McDaniel and Harvey Co. had noth-

ing in their hands at that time belonging to the McCullough Iron Co., and they so answered the interrogatories filed.

It may be added that no hardship under the circumstances of this case will be inflicted on Dreifus, Block & Co., as the auditor is informed that the McCullough Iron Co. is solvent. The ruling of the auditor merely postpones the time of the payment of the claim.

The dividend of the McCullough Iron Co., to wit, $20,005.20, is therefore awarded to the Girard Life Insurance, Annuity & Trust Co. of Philadelphia, the ancillary receiver of said company for the eastern district of Pennsylvania.

Exceptions to auditor's report were dismissed by court.

*Error assigned* was in dismissing exceptions to auditor's report.

*Max Herzberg*, with him *Jacob Singer* and *Emanuel Furth*, for appellants.—An assignee for the benefit of the creditors cannot be made a garnishee: 8 Am. & Eng. Ency. of Law, 1137; Colby v. Coates, 6 Cushing (Mass.), 558; Dewing v. Wentworth, 11 Cush. (Mass.) 499; Raiguel v. McConnell, 25 Pa. 362.

No matter what disposition the McDaniel & Harvey Co. had made of their assets upon the day the attachment was issued, they were still indebted to the McCullough Iron Co. in the sum of $45,046.48. They may have assigned their assets, but they could not assign or transfer their debts. Having been made garnishees can they, in their answer to interrogatories or in a trial upon a plea of nulla bona, set up their assignment as a defense?

The McDaniel & Harvey Co. being indebted to the McCullough Iron Co., the attachment of the debt and the subsequent judgment therein placed Dreifus, Block & Co. in the shoes of the defendant, and the situation was exactly the same as if the McDaniel & Harvey Co. were directly indebted to the plaintiffs.

*A. H. Wintersteen* and *A. T. Freedley*, with them *Geo. Tucker Bispham*, for appellee. The assignment by the McDaniel & Harvey Company transferred unto the assignees a complete title to the assigned property: Marks's App., 85 Pa. 231.

The effect of the assignment was to divest the McDaniel & Harvey Company of all right of property in the assets conveyed. Upon the assignment being made such assets vested eo instante in the creditors of the assignors in proportion to their respective interests therein: Miller's App., 35 Pa. 482. And it is as part owners that the creditors have a standing in court when the distribution comes to be made: Jordan's App., 107 Pa. 84; Jamison's Est., 163 Pa. 155. Hence, at the time of the assignment, neither the fund under distribution, nor the property which produced it was in the hands of the McDaniel & Harvey Company: Jamison's Est., 163 Pa. 155.

PER CURIAM, January 25, 1897:

The first and second specifications are to the dismissal of appellants' exceptions to the auditor's report, therein recited respectively. The two remaining specifications charge that the court erred in not sustaining appellants' exceptions to the auditor's report, viz : that he erred (1) in awarding the entire dividends due the McCullough Iron Co. to the Girard Life Insurance, Annuity & Trust Co., receiver of said iron company, and (2) in not awarding to appellants the amount of their judgment against the McCullough Iron Co., etc.

It does not appear in the docket entries or elsewhere that a formal decree, in accordance with the auditor's report, was entered ; but, assuming that the report was confirmed, etc., we have examined it and are satisfied that the auditor's conclusions are correct; and hence there was no error in dismissing the exceptions and confirming his report.

It is unnecessary to consider either of the specifications at length. The entire dividends due the McCullough Iron Co. were rightly awarded to the receiver of that company.

Decree affirmed and appeal dismissed at appellants' costs.